UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Estate of CLARA BELL MCCOLLOUGH          :
                                          :
and                                       :
                                          :
CHARLES MCCOLLOUGH, JR                    :
Co-Personal Representative of the         :
Estate of Clara Bell McCollough           :
6504 7th Place NW                         :
Washington, DC 20011                      :
                                          :
and                                       :
                                          :
JAMES MCCOLLOUGH, JR,                     :
Co-Personal Representative of the         :
Estate of Clara Bell McCollough           :
3617 Pogonia                              :
Hyattsville, MD 02784                     :
                                          :
        Plaintiffs,                       :
                                          :   Civil Action No. _____
v.                                        :
                                          :
INVEST Financial                          :
                                          :
        Serve: CT Corporation             :
               1015 15th Street NW,  Ste 1000 :
               Washington, DC 20005       :
               Registered Agent           :
                                          :
and                                       :
                                          :
David L. Hannett                          :
Invest Financial Corporation              :
8000 Towers Crescent Drive Suite 1350     :
Vienna, VA  22182,                        :
                                          :
and                                       :
                                          :
Unknown John Does                         :
                                          :
        Defendants                        :

## COMPLAINT FOR DAMAGES

**COMES NOW PLAINTIFFS**, Estate of Clara Bell McCollough, by Charles McCollough, Jr., and James McCollough, Jr. individually and as Co-Personal Representatives of the Estate of Clara Bell McCollough, by and through undersigned counsel, hereby file this complaint for damages against INVEST Financial ("INVEST") for, *inter alia,* conspiracy and negligence contributing to the waste and dissipation of valuable estate assets of the late Clara Bell McCollough. *Respondeat Superior* is asserted where appropriate.

## JURISDICTION AND VENUE

2.      Jurisdiction is vested in this Court because the amount in controversy exceeds $75,000 and because the parties are citizens of different states. 28 U.S.C. § 1332. Diversity is premised upon the fact that Defendant Invest Financial is a citizen of its state-of-incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Securities Act of 1933, 15 U.S.C. § 77a et seq.; the Securities Exchange Act of 1934, *inter alia,*15 U.S.C. § 78aa et seq.; 15 U.S.C. § 78j;  15 U.S.C. § 78r; 15 U.S.C. 78bb(f)(5)(E); as either or both statutes prohibit manipulative and deceptive practices involving the sale of securities or relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized or  that relates to the rights, duties (including fiduciary duties) and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 and the regulations issued thereunder). Any

2

Jurisdicition is also premised upon 18 U.S.C.A. § 1964(c) which provides a private cause of action for any person injured in his business or property by reason of a violation of 18 U.S.C.A §§ 1962(c) and (d) in any appropriate United States district court, treble damages and the cost of the suit, including a reasonable attorney's fee, This court may also look to D.C. Code § 11-921 (1981 ed. as amended) which provides the statutory bases for general jurisdiction of civil matters at law or in equity. Jurisdiction is also vested pursuant to D.C. Code §§ 31-5605.02 (as that section prohibits fraudulent transactions), § 31-5605.03 (as that section prohibits market manipulation), and § 31-5606.05 (as that section imposes civil liability).

3.      This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C.A. § 1332 which provides in relevant part that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different States; D.C. Code § 13-422 which provides for personal jurisdiction over legal persons organized under the laws of, or maintaining the principal place of business in, the District; and § 13-423(a)(3) which provides for, *inter alia*, personal jurisdiction for those transacting business in the District.

4.      Venue in this Court is proper because the events complained of herein occurred in the District of Columbia and because the decedent, Clara Bell McCollough was a resident of the District of Columbia during the time the events complained of herein occurred.


**PARTIES**

5.      Plaintiffs        Charles        McCollough, Jr and James McCollough,

3

Jr are the Co-Personal Representatives of the estate of their deceased paternal grandmother, Clara Bell McCollough who died on January 24, 2011 of natural causes including dementia and dehydration. Co-Personal Representatives are residents of the District of Columbia and Hyattsville, Maryland, respectively.

6.      The late Clara Bell McCollough was, at all relevant times, a resident of the District of Columbia, at 300 Allison Street NW where she lived with her husband Walter McCollough, Sr who predeceased Mrs. McCollough almost two decades earlier on March 21, 1991.

7.      Defendant INVEST Financial Corporation ("Invest"), founded in 1982, is headquartered at 12750 Citrus Park Lane, Suite 300, Tampa, Florida 12750 but services the Washington metropolitan area through its local offices at 8000 Towers Crescent Drive Suite 1350 Vienna, VA 22182.

8.      INVEST is a full service Broker-Dealer who employs more than 150 people and provides investment products (equities, bonds, mutual funds fixed and variable annuities), and services to consumers through a network of Independent Advisers, Retail Representatives and financial institutions nationwide. INVEST is registered with ad regulated by the Financial Industry Regulatory Authority ("FINRA"), the Securities Investors Protection Corporation ("SIPC"), the Securities and Exchange Commission ("SEC") and state insurance agencies in all 50 states and the District of Columbia. Mrs. McCollough maintained at least one (1) investment account at INVEST.

9.      Defendant David Hannett ("Hannett") was employed by Invest as a broker during the times complained of herein. Mr. Hannett opened at least one investment account for Mrs. McCollough, provided          her investment advice and managed her

4

investment portfolio.

10.      Defendant(s) Unknown John Doe(s) are those parties who forged the signature of Clara Bell McCollough on checks drawn against her account at Industrial as well as those parties who, working with Defendant Hannett, and without the accountholder's approval authorized the withdrawal and transfer of funds from Defendant Invest to Industrial Bank.[1]

11.      Further, Plaintiffs assert the theory of *respondeat superior* herein for each and every count alleged which would infer involvement of employees, agents and/or contractors named herein including but not limited to Defendant Hannett and hired by Defendant Invest.

## FACTS COMMON TO ALL COUNTS

12.      Paragraphs 1-11 are incorporated by reference as if fully set forth herein.

13.      Mrs. McCollough died in January 2011.  After a thorough search for Mrs. McCollough's will, on or about June 17, 2011 her grandsons (Charles McCollough, Jr. and James McCollough, Jr.) filed the Petition for Standard Probate, declaring that decedent died intestate. *In re Estate of Clara Bell McCollough*, 2011 ADM 406, Probate Division, Superior Court of the District of Columbia.

---

[1]      Industrial Bank ("Industrial") was established in 1934 in the District of Columbia. Industrial is a full service bank with eight banking centers, of which six are located in the District of Columbia. Services include a host of checking, savings, and investment accounts for retail and commercial customers, cash management, corporate online banking , electronic banking services, debit cards, and a variety of consumer, real estate, and commercial loans and lines of credit.  At all times relevant to this complaint, Mrs. McCollough was a customer and account holder at Industrial.

14.     A year later, on June 15, 2012, the Probate court finally ruled that Mrs. McCollough had indeed died intestate and appointed her grandsons as co-personal representatives.

15.     In gathering the estate's assets the Personal Representatives were surprised to learn that Mrs. McCollough had merely $35,000 on deposit at Industrial Bank. The grandsons knew the family had substantial assets so this discovery compelled the Personal Representatives to delve deeper into Mrs. McCollough's finances in order to determine what happened to the estate's assets.

16.     The Personal Representatives discovered that following the death of Bishop Walter McCollough in 1991, Defendant Hannett had assisted Mrs. McCollough in establishing an investment account with INVEST.

17.     Between 1991 and 2002, Mrs. McCollough's INVEST account garnered several millions of dollars.

18.     Mrs. McCollough's account dwindled rapidly between 2002 and her death on January 28, 2011.   Upon learning of the depletion of her account, the Co-Personal Representatives retained a title company to conduct an exhaustive title search of all properties held by the estate.  In addition the Co-Personal Representatives retained FTI Consulting of Washington DC for purposes of conducting a forensic accounting of the estates finances, particularly INVEST's management of Mrs. McCollough's investments.

19.     FTI determined that despite the economic vacillations between 2002 and 2011, Mrs. McCollough maintained a conservative position largely consisting of utility and municipal bonds under the direction of Defendant Hannett.

20.     According    to    INVEST        records    reviewed    by    FTI,    Mrs.

6

McCollough's account was worth $3.2 million in February 2002.

21.        Between 2002 and 2008, FTI determined Mrs. McCollough earned $495,000 in dividends and interest.  She also realized gains of $98,000 on her investments, plus another $314,000 in cash was added to her account.

22.        However, she realized a loss of $978,000 from those same investments, another $223,000 in unrealized losses.  In addition more than $2.8 million was withdrawn.

23.        Medical records indicate Mrs. McCollough suffered from advancing stages of dementia during this time.  She was not given to profligate spending.  She owned several real estate properties in the Washington metropolitan area free and clear of any encumbrances so she had no outstanding liabilities.  Nor did she indulge in addictive behavior such as smoking, gambling and the like.

24.        FTI's forensic investigation also indicated that Mrs. McCollough's investment advisor, Mr. Hannett, engaged in what appeared to be the needless and routine liquidation of reasonably well-performing bonds.

25.        Dividend and interest payments were routinely wired from Defendant INVEST to Industrial, usually within a week of payment.

26.        Significant sums were withdrawn from Defendant INVEST either by check payable to persons unknown or transferred by wire from INVEST to Industrial including nine hundred thousand dollars ($900,000.00) on September 8, 2005.  However, there has been no evidence as to who authorized the wire transfers between Defendant INVEST and Industrial.

27.        After funds were transferred        from Defendant INVEST to Industrial,

7

checks were written against her account at Industrial to various persons and to cash.

28.        However upon reviewing a large umber of canceled checks from Industrial, it appeared that Mrs. McCollough's signature may likely have been forged on checks issued against her account.   According to the personal representatives, many of the signatures were not those of Mrs. McCollough.

## COUNT I
## NEGLIGENCE
## DEFENDANTS INVEST AND HANNETT

29.        Paragraphs 1 -28 are incorporated herein as if fully set forth.

30.        Under federal statutes and District of Columbia law, Defendants Invest and Hannett owed a duty to account holder Clara Bell McCollough to maximize the capital invested under their care.

31.        Defendants Invest and Hannett breached that duty by liquidating positions that were performing well, especially during the economic downturn and recession that began in 2007.

32.        Defendants Invest and Hannett further breached their duty to Plaintiff when they caused or allowed the dissipation of several millions of dollars to be wired from Defendant Invest to Industrial absent authority of the late Mrs. McCollough.

33.        As a direct and proximate result of the actions of Defendants Invest and Hannett, Defendants depleted the capital entrusted by Mrs. McCollough as lodged with Defendant Invest, which in turn reduced the value of her estate.

        **WHEREFORE,** Plaintiffs respectfully urge this Court to find Defendants Invest

8

and Hannett jointly and severally liable for the negligent management of the late Clara Bell McCollough's account and further to award damages as follows:

(a)     Compensatory damages in the exact amount to be determined at trial, but in no event not less than the greater of $3,000,000 or that amount on deposit which represents the highest balance of her account;

(b)     Punitive damages related to Defendants' actions in an exact amount to be determined at trial, but in no event not less than $5,000,000;

(c)     Such further relief as this Court deems just and fair including, but not limited to, attorney fees and costs.

## COUNT II
## FRAUDULENT TRANSACTIONS
## DEFENDANTS INVEST, HANNETT AND UNIDENTIFIED DOES

34.     Paragraphs 1 -33 are incorporated herein as if fully set forth.

35.     Pursuant to D.C. Code § 31-5605.02, when rendering investment advice or in connection with the offer, sale, or purchase of an investment security, a person shall not "employ a device, scheme, or artifice to defraud" or to "engage in a transaction, practice, or course of business which operates, or would operate, as a fraud or deceit upon a person."

36.     "Investment" means a commitment of money or property principally induced by a representation that an economic benefit may be derived from that commitment. D.C. Code § 31-5605.02(c).

37.     As a direct and proximate cause of the actions of Defendants Invest and Hannett, Defendants engaged in such a        scheme that not only precluded Mrs.

McCollough from receiving an economic benefit but it also defrauded Mrs. McCollough out of her capital investment on deposit with Defendant Invest.

WHEREFORE, Plaintiffs respectfully urge this Court to find Defendants Invest and Hannett jointly and severally liable for engaging in fraudulent transactions in the maagement of the late Clara Bell McCollough's account and further to award damages as follows:

(a)     Compensatory damages in the exact amount to be determined at trial, but in no event not less than the greater of $3,000,000 or that amount on deposit which represents the highest balance of her account, plus interest;

(b)     Punitive damages related to Defendants' actions in an exact amount to be determined at trial, but not less than $5,000,000;

(c)     Such further relief as this Court deems just and fair including, but not limited to, attorney fees and costs.

## COUNT III
## BREACHED COVENANT OF GOOD FAITH AND FAIR DEALING, DEFENDANTS INVEST AND HANNETT

38.     Paragraphs 1 -37 are incorporated herein as if fully set forth.

39.     Clara Bell McCollough entered into contracts with both Defendant Invest as pertains to the investment of her money and the safe depository of her money against which she could draft checks.

40.     Every contract imposes upon the parties duty of good faith and fair dealing in the performance and enforcement of said contract.

41.     Defendants Invest and Hannett owed a duty of good faith and fair dealing to

account holder Clara Bell McCollough.

42.     The covenant of good faith and fair dealing is designed to prevent one party from unfairly denying the other party's right to receive the benefit of the contract.

43.     The actions of Invest and Hannett breached that duty of good faith and fair dealing owed to Clara Bell McCollough, even though she complied with all of the requirements as an account holder with Defendant Invest.

     WHEREFORE, Plaintiffs respectfully urge this Court to find Defendant Invest and Hannett breached the covenant of good faith and fair dealing in the management of the late Clara Bell McCollough's accounts and further to award damages as follows:

     (a)     Compensatory damages in the exact amount to be determined at trial, but in no event not less than the greater of $3,000,000 or that amount on deposit which represents the highest balance of her account, plus interest;

     (b)     Punitive damages related to Defendants' actions in an exact amount to be determined at trial, but not less than $5,000,000;

     (c)     Such further relief as this Court deems just and fair including, but not limited to, attorney fees and costs.

### COUNT IV
### VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
### 18 U.S.C. SECTIONS 1962(C), 1962 (D) AND 1964(C)
### ALL DEFENDANTS

44.     Paragraphs 1 -43 are incorporated herein as if fully set forth.

45.     Defendants' actions described herein violated the Racketeer Influenced and Corrupt Organizations Act, Federal Statutes, Title 18 of the United States Code, §§

1962(c), 1962(d), and 1964(c).

46.     It appears that for nearly a decade prior to Mrs. McCollough's death, Defendants conducted or participated, directly or indirectly, in an enterprise that interfered with the conduct of the deceased's financial affairs through a pattern of racketeering activity, exercised significant control over and within her financial affairs, and/or participated in the conduct of her financial affairs in such a manner that resulted in injury to Mrs McCollough, to her estate and to her heirs.

47.     Defendants engaged in a pattern of racketeering activity as defined in 18 U.S.C. § 1962(5) by committing a pattern of acts of mail and/or wire fraud, in violation of, *inter alia*, 18 U.S.C. § 1341 in the use of the U.S. Postal Service and/or the banking system's electronic wire transfer service for advancing, furthering or carrying out the scheme to defraud.

48.     Defendants are persons as a "person" is defined by 18 U.S.C. § 1961(3). Plaintiff is a person as defined by 18 U.S.C. § 1961(3).

49.     Defendants willfully combined, conspired, and agreed to form an association in fact which constitutes an enterprise under 18 U.S.C. § 1961(4). This enterprise engaged in a pattern of activities that affected Plaintiff's estate and interstate commerce. Defendants were associated with the enterprise at all times relevant to the events alleged herein.

**WHEREFORE,** Plaintiffs respectfully urge this Court to find Defendants violated Title 18 of the United States Code, Sections 1962(c) and 1962(d) by enterig judgment in its favor and further to:

12

(a)     Order an accounting of the financial damages suffered by Plaintiff and award treble damages pursuant to Racketeering Influenced and Corrupt Organizations Act, Federal Statutes, Title 18 of the United States Code, § 1964(c);

(b)     Such further relief as this Court deems just and fair including, but not limited to, attorney's fees and costs.

## JURY DEMAND

Plaintiffs request a trial by jury on all of the above claims.

Respectfully submitted,

Donald M. Temple, Esq. 408749
1101 15th Street, N.W., Suite 203
Washington, D.C. 20005
Tel: (202) 628-1101
Email: dtemplelaw@gmail.com